UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
YISROEL GEISINSKY
on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-


ENHANCED RECOVERY COMPANY, LLC

Defendant.

------------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.     Plaintiff Yisroel Geisinsky seeks redress for the illegal practices of Enhanced Recovery

Company, LLC, concerning the collection of debts, in violation of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in

Elmsford, New York.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

## Jurisdiction and Venue

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Yisroel Geisinsky

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about November 20, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.     Said letter directed the Plaintiff to visit its website, www.ercbpo.com, "for self-service options."

12.     The Plaintiff went onto www.ercbpo.com whereby he accessed his account.

13.     While viewing his account, the Plaintiff observed that by choosing the online payment option, the page then stated:    "Convenience Fee   $8.95."

14.     The Defendant's statement and collection of the said convenience fee violated the FDCPA.[1]

15.     The Defendant's convenience fee was neither expressly authorized by an agreement

---

[1] Schwartz v. I.C. Sys., Inc., No. 16-CV-5173 (DLI)(LB), 2018 BL 114013 (E.D.N.Y. Mar.30, 2018). ("Explicit reference to a processing fee in a collection letter is not necessary to show that a defendant has attempted to collect a debt. If a collection letter directs a debtor to a website which charges a processing fee, then the fact that the collection letter itself did not disclose the fee is not dispositive of whether the defendant attempted to collect an impermissible fee under § 1692f(1)."), *Campbell v. MBI Assocs., Inc.*, 2015 U.S. Dist. LEXIS 44811 (E.D.N.Y. Mar. 31, 2015), *Acosta v. Credit Bureau*, 2015 U.S. Dist. LEXIS 55870 (N.D. Ill. Apr. 29, 2015), Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''), McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant, collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), Quinteros v. MBI Assocs., 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014) (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

between the Defendant and/or the creditor, and the Plaintiff, nor permitted by law.

16. The Defendant's convenience fee was prohibited and was in violation of 15 U.S.C. § 1692f(1).

17. 15 U.S.C. 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

18. 15 U.S.C. 1692f of the FDCPA states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

19. The Defendant's statement on its website leads the least sophisticated consumer to conclude that the Defendant was authorized to collect such a fee.

20. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

21. Upon information and belief, it is the Defendant's pattern and practice to collect such convenience fees from hundreds of consumers who reside in the State of New York.

22. Defendant's website fee demand was in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A),

1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

23. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

24. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

25. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

26. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

27. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

28. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

29. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

30. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

31. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and

acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

32. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty one (31) as if set forth fully in this cause of action.

33. This cause of action is brought on behalf of Plaintiff and the members of a class.

34. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 20, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Comcast Cable Commmuncations, LLC; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the Defendant's actions violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

35. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

36. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

37. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

39. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

40. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
November 21, 2018


      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.


      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)